UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MAXIE,              )
                            )
        Plaintiff,           )
                            )
    v.                       )    Case No. 3:13-CV-1279 JD
                            )
MARK LEVENHAGEN, *et al.*,   )
                            )
        Defendants.          )

OPINION AND ORDER

Michael Maxie, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint, Maxie is presently housed at Indiana State Prison ("ISP"). (DE 1 at 1.) He alleges that in August 2012, when he was housed at the Westville Correctional Facility ("Westville"), the warden at Westville and two other prison staff members failed to make him available for a workers compensation hearing, causing him to lose the case. (*Id.* at 1-6.)

Inmates have a First Amendment right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, this is not an "abstract free-standing right." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, "only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *see also In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) ("Relief for the denial of access to the courts is intended to remedy rights denied in a separate case due to the impediment. . . . [T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court.") (internal citation omitted).

Furthermore, the U.S. Supreme Court has made clear that a prisoner's First Amendment right of access to the courts is limited to pursuing certain types of cases. As the Court has explained:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.

Here, Maxie is alleging interference with his ability to pursue a workers compensation claim. This is not the type of case encompassed within an inmate's First Amendment right of access to the courts. *See Lewis*, 518 U.S. at 355. Accordingly, he has not alleged a plausible First Amendment claim.

For these reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A. The plaintiff's motion seeking "entry of judgment" in his favor (DE 10) is **DENIED** as moot.

SO ORDERED.

ENTERED: May 1, 2014

/s/ JON E. DEGUILIO
Judge
United States District Court